THUNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CARLOS TREMOLS,
individually and on behalf of all others
similarly situated                                                              PLAINTIFF

v.                                          No. 5:21-CV-05057

JUAN BARCENAS INSURANCE AND
FINANCIAL SERVICES, LLC and
JUAN BARCENAS                                                              DEFENDANTS

## OPINION AND ORDER

Before the Court is Plaintiff Carlos Tremols's motion (Doc. 12) for conditional certification, brief in support (Doc. 13), and other supporting documents. Defendants Juan Barcenas Insurance and Financial Services, LLC, and Juan Barcenas ("Defendants") filed a response (Doc. 15) in opposition. For the reasons set forth below, Plaintiff's motion will be granted as stated herein.

## I.   Background

Plaintiff seeks conditional certification to provide notice to all account managers employed by Defendants since March 17, 2018. Defendants own and operate a State Farm insurance agency. Plaintiff was employed by Defendants as an account manager and was primarily tasked with making sales calls to potential customers. Plaintiff alleges he and other account managers regularly worked over 40 hours per week but were not paid 1.5x their hourly rate for overtime work.

Plaintiff argues approximately ten to fifteen account managers were employed by Defendants and were not compensated for overtime work. Plaintiff alleges Defendants have violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") and the Arkansas

1

Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").   Plaintiff seeks conditional certification of his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b), approval of authorization to issue notice to putative class members, disclosure of contact information, and approval of the proposed notice and consent-to-join forms.

## II.   Discussion

### A.   Conditional Certification

"The FLSA allows named plaintiffs to sue [their employer] 'for and in behalf of . . . themselves and other employees similarly situated.'" *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014) (quoting 29 U.S.C. § 216(b)).   This type of suit—a collective action—is distinguishable from a class action certified under Federal Rule of Civil Procedure 23, as it requires plaintiffs to use the opt-in mechanism under 29 U.S.C. § 216(b) for joining a putative class of plaintiffs rather than the opt-out procedures in Rule 23.   *Schmidt v. Fuller Brush Co.*, 527 F.2d 532, 536 (8th Cir. 1975).   The FLSA gives the Court "the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure."   *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).   "The court has a responsibility to avoid the stirring up of litigation through unwarranted solicitation of potential opt-in plaintiffs, but the district court should, in appropriate cases, exercise its discretion to facilitate notice to potential plaintiffs."   *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 890 (N.D. Iowa 2008) (citing *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991) (internal quotations omitted)); *see also Hoffman-La Roche*, 493 U.S. at 169.

Ultimately, certification of a collective action will depend on whether the named plaintiffs are similarly situated to the putative class.   The Supreme Court has hinted that the rules for joining

similarly situated plaintiffs are similar to the rules of joinder under Federal Rule of Civil Procedure 20(a).  *See Epic Sys. Corp. v. Lewis*, -- U.S. --, 138 S.Ct. 1612, 1636 n.3 (2018) (indicating that "similarly situated" FLSA plaintiffs may be joined in the same action under Federal Rule of Civil Procedure 20(a), which requires that their claims arise out of the same transaction or occurrence and involve common questions of law or fact).  Neither § 216(b) nor the Eighth Circuit Court of Appeals has defined when "other employees [are] similarly situated" so that collective action certification and authorization of notice is appropriate.  *Davenport v. Charter Comms., LLC*, No. 12CV00007, 2015 WL 164001, at *4 (E.D. Mo. Jan. 13, 2015).  District courts within the Eighth Circuit have historically utilized a two-stage approach for collective action certification under § 216(b).  *See e.g.*, *Resendiz-Ramirez v. P & H Forestry, L.L.C.*, 515 F. Supp. 2d 937, 940 (W.D. Ark. 2007) ("The Court is convinced that the more prudent approach is to use the two-stage certification analysis that is used by a majority of courts, including a majority of district courts in the Eighth Circuit.").  Nothing in Eighth Circuit or United States Supreme Court precedent requires district courts to utilize this approach; rather, "[t]he decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court."  *Bouaphakeo*, 564 F. Supp. 2d at 891 (citing *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001)).

Under the two-stage approach to certifying a collective action, when named plaintiffs move for certification of a collective action—typically early in the discovery process—a court considers whether plaintiffs and putative class members were victims of a common decision, policy, or plan of the employer that affected all class members in a similar manner.  *Resendiz-Ramirez*, 515 F. Supp. 2d at 940–41.  While the burden of proof is relatively low, "some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency."  *Jost*

*v. Commonwealth Land Title Ins. Co.*, No. 08CV734, 2009 WL 211943, at *2 (E.D. Mo. Jan. 27, 2009) (quotations omitted).   Some factors that may be considered by district courts making this determination include: (1) whether everyone worked in the same location; (2) whether they held the same job title; (3) whether the alleged violations occurred during the same time period; (4) whether all workers were subjected to the same policies and practices, and whether those policies and practices were established in the same manner by the same decision maker; and (5) the extent to which the acts constituting the alleged violations are similar.   *See Watson v. Surf-Frac Wellhead Equip. Co.*, No. 11-cv-843, 2012 WL 5185869, at *1 (E.D. Ark. Oct. 18, 2012).   If notification is deemed appropriate, the class is conditionally certified for notice and discovery purposes and the action proceeds as a representative action.   *Croft v. Protomotive, Inc.*, No. 12-CV-03102, 2013 WL 1976115, at *1 (W.D. Ark. May 13, 2013) (citing *Resendiz-Ramirez*, 515 F. Supp. 2d at 940).

Defendants argue Plaintiff failed to identify similarly situated employees.   Defendants also argue Plaintiff's affidavit is devoid of facts to support Plaintiff's arguments for conditional certification.   However, Plaintiff's affidavit states other account managers were not correctly paid overtime.   The affidavit is based on Plaintiff's personal knowledge derived from his employment and discussions with other account managers.   The decision to certify a class is typically determined "based solely on the affidavits presented by plaintiffs."   *See Buford v. Superior Energy Servs., LLC*, No. 17-cv-00323, 2018 WL 6441097, *4 (E.D. Ark. June 1, 2018) (internal citations and quotations omitted).   Plaintiff has presented sufficient evidence of a similarly situated class based on his personal knowledge.   *See Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 202 (E.D.N.Y. 2015) (finding the "focus of the court's inquiry is not on the Defendant's evidence, but on whether the plaintiffs have made their requisite showing . . . Defendant's challenges are . . . premature . . . [and] Defendant's attacks on plaintiffs' affidavits and other evidence raise questions

4

as to whether plaintiffs could prevail under a more stringent standard and . . . survive a decertification motion"); *Pressler v. FTS USA, LLC*, No. 09CV00676, 2010 WL 1904974, at *4 (E.D. Ark. May 12, 2010).

Plaintiff's testimony, based on experience and discussions with account managers, is that account managers were not paid overtime for hours worked in excess of 40 per week. Plaintiff's affidavit is based on his personal knowledge of the de facto policy gained as Defendants' employee. *See Simons v. Valspar Corp.*, No. 10-3026, 2011 WL 1363988, *3 (D. Minn. Apr. 11, 2011) (holding plaintiffs, as employees, can gain personal knowledge of employer's polices during course of employment). Further, it is not necessary for Plaintiff to allege Defendants failed to provide overtime pursuant to a formal policy. *See Chime*, 137 F. Supp. 3d at 201-02. Plaintiff's evidence is sufficient at this stage to demonstrate Defendants' common policy of miscalculating overtime wages.

Considering the factors listed above, the Court finds that under the lenient standard applicable to this notice stage of certification, Plaintiff has met his burden to demonstrate that he is similarly situated with other putative class members. Accordingly, the Court will conditionally certify this action. Regarding the class definition, Plaintiff requests that the Court conditionally certify and approve notice for the following class: all account managers employed by Juan Barcenas Insurance and Financial Services, LLC, and Juan Barcenas since March 17, 2018. Defendants make no objection to this class definition. However, because the definition does not specify the grievance which makes potential plaintiffs similarly situated (failure to be compensated for time worked in excess of 40 hours per week), the definition is amended to read as follows: all account managers employed by Juan Barcenas Insurance and Financial Services, LLC, and Juan Barcenas who worked more than forty hours in any week anytime since March 17, 2018.

5

B.     **Form of Notice and Consent-to-Join**

Plaintiff has submitted a proposed notice, a consent to join for mailed submissions, a consent to join for electronic submissions, and a second notice of right to join (to be sent to non-responding class members 30 days after the initial notice is sent).  Defendants object to certain aspects of these documents and propose certain changes.  The Court will address each objection and proposal in turn.  The Court will also require changes to the language of the consents to join.

A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann–La Roche,* 493 U.S. at 170.  The Court will manage the preparation and distribution of notice so that it is "timely, accurate, and informative." *Id.* at 172. A district court "has broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 574 (D. Md. 2012).   When determining the details, the Court is "guided by the goals of the notice: to make as many potential plaintiffs as possible aware of this action and their right to opt in without devolving into a fishing expedition or imposing undue burdens on the defendants." *Diaz v. N.Y. Paving Inc.*, 340 F. Supp. 3d 372, 386 (S.D.N.Y. 2018) (internal alterations and citation omitted).  Just as it is not the purpose of notice to solicit participation in litigation, it is not the purpose of notice to discourage participation.

Defendants argue that Paragraph (1) of the proposed notice, which reads "YOU DO NOT HAVE TO JOIN IN THIS CASE, BUT YOU WILL NOT RECEIVE ANY MONEY FROM THIS CASE UNLESS YOU JOIN" (Doc. 12-1, ¶ 1) is psychologically coercive and improper in a neutral notice.  The Court finds this statement accurately informs potential plaintiffs that they must take affirmative action to receive any potential remedy which may be awarded in the present suit.

6

As noted above, a collective action, unlike a class action certified under Federal Rule of Civil Procedure 23, requires plaintiffs to use the opt-in mechanism under 29 U.S.C. § 216(b) for joining a putative class of plaintiffs rather than the opt-out procedures in Rule 23.  *Schmidt*, 527 F.2d at 536.  Plaintiff's proposed text accurately informs potential opt-in plaintiffs that they are under no obligation to join the lawsuit but, unlike a Rule 23 class action, they must take affirmative action to opt-in to the lawsuit.  The Court finds Paragraph (1) is appropriate, and the paragraph will remain as proposed.

Next, Defendants argue Paragraph (4) of the proposed notice is inaccurate because the case has been set for trial.  This Court agrees, and the language of the notice should be changed to reflect that this case has been set for trial the week of March 21, 2022.  In addition, Defendants argue that any reference to a potential settlement in the proposed notice should be removed because a settlement reference "minimizes the magnitude of the endeavor of each opt-in Plaintiff" (Doc. 15, p. 8) and there are many ways the case be resolved other than settlement, therefore, the text is misleading.  The Court disagrees.  Paragraph (4) informs potential plaintiffs a viable dispute exists between the parties and that Defendants intend to defend against the claims.  Additionally, requiring Plaintiff to list every potential avenue for resolution is not necessary to obtain informed consent and will not be required.

Defendants also object to Paragraph (7) arguing the reference to attorney's fees is misleading because there is a possibility prevailing Defendants may be entitled to costs, and Plaintiff's counsel may seek fees calculated by the "percentage of the fund method" and therefore plaintiff may not be made entirely whole.  However, in no litigation is it guaranteed that prevailing plaintiffs will be made entirely whole, and Paragraph (7) explicitly states that "Plaintiff's attorneys will receive part of any money judgment or settlement entered in favor of the collective."  (Doc.

12-1, ¶ 7).  "This is sufficient to ensure that notice is accurate and not misleading to potential opt-in plaintiffs."  *Harrison v. Hog Taxi, LLC*, No. 19-CV-05025, 2019 WL 4280328, at *5 (W.D. Ark. Sept. 10, 2019).  In addition, the Court finds a warning regarding potential costs is not necessary to ensure informed consent because the possibility of an opt-in plaintiff becoming liable for costs is speculative and the Court has discretion in awarding costs.  *See id.*  The Court finds Paragraph (7) is appropriate, and the paragraph will remain as proposed.

With exception to the changes below, the notice should remain as proposed.  The Court orders the proposed notice to be changed as follows:

(4) <u>DESCRIPTION OF THE LAWSUIT</u>: Plaintiff in this case is a former Account Manager for Defendants Juan Barcenas Insurance and Financial Services, LLC, and Juan Barcenas (collectively referred to as "Defendant").  Plaintiff filed a lawsuit against Defendant asserting that Defendant violated federal law in failing to pay its Account Managers correctly.

Defendant denies Plaintiff's claims and allegations. Defendant asserts that it complied with the law and properly compensated all of its Account Managers.

This case has been set for trial the week of March 21, 2022. If the case is not settled between the parties, a trial will be held at the United States District Court for the Western District of Arkansas in Fayetteville. The Court has not ruled on or decided any of the issues, including the merits of the claims or defenses.

The "**TO:**" field in the notice must also be changed to read: All account managers employed by Juan Barcenas Insurance and Financial Services, LLC, and Juan Barcenas who worked more than forty hours in any week anytime since March 17, 2018.  The email notice remains as proposed.

The Court orders the postcard be changed to read as follows:

On _____ ___, 2021, you were sent a **<u>Notice of Right to Join Lawsuit</u>** informing you of a lawsuit in which you could become a member as an Opt-In Plaintiff.  You are being sent this second Notice because you must join the lawsuit if you want to become a member of the class.  If you did not receive the first Notice and would like a copy, please contact Plaintiff's attorney listed below.  <u>If you already sent a Consent, it has not been received.</u>  The consent must be received by _____ ___, 2021.  The Court neither encourages nor discourages participation in this lawsuit.

The title of the postcard should also be changed from "Second Notice of Right to Join Lawsuit" to "Reminder of Right to Join Lawsuit." This change will ensure the putative class members are informed of the Court's neutrality on the matter and rephrasing the title of the postcard will only improve its accuracy.

The language of the physical and electronic consents to join must be changed. As written, the consent to join states "I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by *any settlement* of this action or adjudication by the Court." (Docs. 12-1 and 12-4) (emphasis added). This language has a tendency to mislead potential opt-in parties about the allocation of authority in the attorney-client relationship, specifically the authority to settle.

Unlike a Rule 23 class action, in which a class is created with a distinct identity and class counsel is appointed to represent that entity, a collective action under the FLSA is merely an efficient way to effect the joinder of numerous individual plaintiffs in a single case. Rule 23 class counsel, acting in conjunction with the named class representative, may be empowered to settle claims on behalf of every Rule 23 class member who did not opt out. In a collective action, each individual opt-in plaintiff is a separate client, however, and the Rules of Professional Conduct applicable in this Court are clear that "[a] lawyer shall abide by a client's decision whether to settle a matter." Ark. R. Prof. Cond. 1.2(a). Plaintiff has provided no authority to support a finding that the FLSA allows an attorney to turn this allocation of authority on its head and require clients to abide by a lawyer's decision to settle a matter, yet that is how the language in the consents reads. The last sentence of each consent must be modified before dissemination to read "I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any adjudication by the Court."

Consents to join that use the stricken language and that have already been filed must be refiled with the modified language required by this order.  A refiled consent will take the date of the earlier-filed consent for statute of limitation and similar purposes.

### C.     Dissemination of Notice and Requests for Information

Plaintiff has also requested notice through U.S. Mail and email.  The Court will grant Plaintiff's request to send a notice through U.S. Mail and to email notice of right to join lawsuit. The Court also grants Plaintiff's request to send a second notice of right to join lawsuit via U.S. Mail.

Plaintiffs request notice through email in addition to U.S. Mail because of the problems that occur when notice is sent by U.S. Mail.  The proposed email notice also provides potential class members with a way to sign the consent to join electronically.  Defendants argue email is "overkill" and unwarranted until Plaintiff receives a significant number of returns or undeliverable mailings in this case. (Doc. 15, p. 9).  However, "[e]lectronic communication is commonly utilized and is an appropriate, convenient, and efficient manner of communication with potential plaintiffs in FLSA actions" and will be approved here.  *Middleton v. Hempstead Cnty.*, No. 18-cv-4112, 2019 WL 3948106, at *4 (W.D. Ark. Aug. 21, 2019).  Although Plaintiff did not adequately put forth facts specific to this case, the Court finds that it is reasonable to permit Plaintiff to send notice through email.  *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 132 F. Supp. 3d 707, 711 (D.S.C. 2015) ("This has become a much more mobile society with one's email address and cellphone number serving as the most consistent and reliable method of communication.").  Plaintiff's request for potential opt-in plaintiffs to sign the consent electronically will also be granted. *Adkinson*, No. 19-CV-4007, 2019 WL 5213957, at *9 ("The FLSA does not contain a physical signature requirement but, rather, requires only that opt-in consent be 'in writing.'").

10

Plaintiff proposes a follow-up email or postcard be sent 30 days after the notice is distributed. Defendants argue that this reminder may be seen as an annoyance to those that receive it. The Court finds the request to use a reminder postcard should be granted. A reminder increases the likelihood that potential opt-in plaintiffs will receive actual notice of this action, reducing the probability that the Court and parties will need to address multiple requests to allow late opt-ins, and one post card sent by U.S. Mail 30 days after initial notice was given will likely not be deemed a great annoyance by its recipients. The Court will not approve the follow-up email.

Plaintiff requests the Court order Defendants to provide Plaintiff with a list of the names, last known mailing addresses, and email addresses of all potential plaintiffs within the class description. Defendants do not dispute this request in its response. "Once an FLSA action has been filed, the Court has a managerial responsibility to oversee the joinder of parties to assure that the task is accomplished in an efficient and proper way." *Adkinson*, 2019 WL 5213957, at *10 (citation omitted). "[T]he Court may authorize limited discovery in order to facilitate notice, including discovery related to the names and addresses of potential plaintiffs." *Id.* The Court will grant Plaintiff's request for contact information and Plaintiff is ordered to appropriately safeguard the contact information and not to use it for any other purpose than this litigation.

Plaintiff also requests the deadline to file opt-in plaintiffs' consent-to-join forms be set no earlier than 90 days after Defendants provide the putative members' contact information. However, in light of the small class size of potential opt-in plaintiffs, the Court finds that a 60-day opt-in period is sufficient and will serve the interests of efficiently facilitating notice without further delaying the litigation. Therefore, a 60-day opt-in period is appropriate and will be authorized.

### III.    Conclusion

IT IS THEREFORE ORDERED that Plaintiff's motion for conditional certification of a collective action and approval of notice (Doc. 12) is GRANTED.  The motion is GRANTED as follows:

- The Court conditionally certifies the case as a collective action pursuant to 29 U.S.C. § 216(b) and authorizes notice to be sent to potential opt-in plaintiffs.  The opt-in class will consist of all account managers employed by Juan Barcenas Insurance and Financial Services, LLC, and Juan Barcenas who worked more than forty hours in any week anytime since March 17, 2018.  Within 7 days after receiving the contact information for potential opt-in plaintiffs, Plaintiffs must prepare and distribute notice to all putative plaintiffs as allowed by this order.  Plaintiffs must file any opt-in plaintiffs' signed consent-to-join forms with the Court within 60 days after receiving the contact information of potential opt-in plaintiffs.

- Defendants are directed to provide the names, mailing addresses, and email addresses of all putative members of the collective action.  Defendants may provide this information in a manipulatable electronic format such as Microsoft Word of Excel.  **Defendants have until October 27, 2021, to deliver the contact information to Plaintiff.**

- Plaintiff's proposed notice and consent-to-join forms are approved in accordance with the changes above.

IT IS SO ORDERED this 20th day of October, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE