UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CARLOS TREMOLS, Individually and
on behalf of all others similarly situated,                                                        PLAINTIFF

v.                                            No. 5:21-CV-05057

JUAN BARCENAS INSURANCE;
FINANCIAL SERVICES, LLC; and
JUAN BARCENAS                                                                                     DEFENDANTS

**OPINION AND ORDER**

Before the Court is Plaintiff's motion (Doc. 21) for leave to file an amended complaint. Defendants filed a response (Doc. 23) in opposition. The motion for leave to amend will be denied.

This is a conditionally-certified FLSA collective action. The time for filing consents to join has closed, and two Plaintiffs have joined the collective action. Plaintiff and the opt-in Plaintiffs are former account managers or holders of similar roles who worked for Defendants. Plaintiffs allege Defendants misclassified them as exempt from the overtime requirements of the FLSA and did not pay overtime compensation for weekly hours Plaintiffs worked in excess of forty. The proposed amended complaint (Doc. 21-1) seeks to add the two opt-in Plaintiffs as named Plaintiffs. No other changes have been made to the claims as originally pled.

Federal Rule of Civil Procedure 15 controls amendment of pleadings. If a timely motion to amend a complaint is filed, "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court may deny a motion to amend on the basis of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The FLSA is clear that a similarly situated employee who opts in to a collective action is joined as "a party plaintiff." 29 U.S.C. § 216(b). Because the opt-in plaintiffs have already been made party plaintiffs by the process of filing a consent to join, an amendment which adds the opt-in Plaintiffs as named Plaintiffs is futile. Therefore, the motion to amend will be denied.

IT IS THEREFORE ORDERED that the motion for leave to amend (Doc. 21) is DENIED.

IT IS SO ORDERED this 29th day of November, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE