IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CARLOS TREMOLS, Individually and On
Behalf of All Others Similarly Situated
                                          PLAINTIFFS

v.                    CIVIL NO. 21-5057-CDC

JUAN BARCENAS INSURANCE AND
FINANCIAL SERVICES, LLC AND
JUAN BARCENAS                                          DEFENDANTS

## ORDER OF APPROVAL AND DISMISSAL

On February 21, 2022, the parties fully executed a joint settlement agreement after participating in a settlement conference conducted by the undersigned on January 25, 2022, and consenting to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 27).

Plaintiff Carlos Tremols, a former account manager of Juan Barcenas Insurance ("Barcenas"), claimed that he and other account managers regularly worked more than forty hours per week, but that Barcenas failed to pay them overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act, Ark Code Ann. § 11-4-201, *et seq*. The action was conditionally certified as a collective action (ECF No. 19), and Plaintiffs Justin Coyne and Ethan Oliver-Sherwood joined the action. (ECF No. 20). Defendants denied any Plaintiff was entitled to be paid overtime wages and denied that any Plaintiff had proof of overtime work.

Before a Court approves an FLSA settlement agreement, it must determine that "the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Boland v. Baue Funeral Home Co.,* 2015 WL 7300507, at *2 (E.D. Mo. Nov. 18, 2015)

(cleaned up).  "A settlement is bona fide if it reflects a reasonable compromise over issues actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under [the] FLSA."  *King v. Raineri Constr., LLC,* 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115 (1946)).  If the Court finds there is a bona fide dispute, it must next determine that the agreement purporting to settle that dispute is fair and reasonable to all parties.  Such determination usually involves considering:

> the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiff's success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties based on the merits of the case.

*Id.* (citing *Carrillo v. Dandan, Inc.,* 51 F. Supp. 3d 124, 132-33 (D.D.C. 2014)).

The Court is persuaded that a bona fide dispute exists in this case.  The parties fundamentally disagreed on the central issue of Plaintiffs' entitlement to overtime wages.  The parties disagreed as to whether account managers such as Plaintiffs were entitled to be paid overtime (arguing an exemption) and whether there was admissible proof of actual overtime work by any of the Plaintiffs.  The Court is also satisfied that the Plaintiffs' individual settlements are each fair and reasonable.  All parties were presented by counsel, and it was made known to the Court that discovery had been exchanged, including payroll, timekeeping, and personnel records.  Counsel worked together diligently for more than ten hours to achieve a settlement they agreed was based on the merits of Plaintiff's FLSA claims considering the strengths of the defense, and the reality of the costs of continuing litigation through trial.  The Court, having presided over the settlement conference, is convinced the settlement agreement is the result of arms' length negotiations.  Moreover, the total amount recovered by Plaintiffs represents a reasonable and not *de minimis* recovery for Plaintiffs after balancing the expense and uncertainty of proceeding with

this action against Plaintiffs' most readily provable damages. Additionally, two days after resolution of Plaintiffs' FSLA claims, the parties continued their negotiations with the undersigned, and reached a separate settlement related to Plaintiffs' recoverable attorneys' fees and costs. No issues remain for the Court's adjudication.

For the reasons stated above, the Court finds that the parties' proposed settlement agreement should be, and hereby is, approved as fair and reasonable, and Plaintiffs' Complaint **DISMISSED WITH PREJUDICE** pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. This Court retains jurisdiction to vacate this order and to reopen the action upon cause shown that the parties' settlement has not been completed and that a party whishes this Court specifically to enforce the settlement agreement.

IT IS SO ORDERED this 22nd day of February 2021.

*/s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE